UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DILANG N DAT,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>　　　　　　Respondents. | CASE NO. C19-1181-BJR-BAT<br><br>**REPORT AND RECOMMENDATION** |

Dilang Dat is currently serving a criminal sentence at the Federal Detention Center and is subject to an immigration detainer. He has a pending 28 U.S.C. § 2255 habeas petition in the District of Nebraska where he was convicted. Mr. Dat brings this 28 U.S.C. § 2241 habeas action to challenge the immigration detainer. Dkt. 3 at 4. He also claims that his pending § 2255 action renders his conviction non-final for purposes of removal proceedings. *Id.*

Having screened Mr. Dat's petition prior to service, the Court determines that it does not have jurisdiction over his claims. "Habeas corpus is not available to challenge the detainer." *Martinez v. Mukasey*, 263 Fed. Appx. 648, 649 (9th Cir. 2008) (citing *Campos v. INS*, 62 F.3d 311, 314 (9th Cir. 1995) ("the bare detainer letter alone does not sufficiently place [a non-citizen] in INS custody to make habeas corpus available")). In addition, Mr. Dat's claim that his

REPORT AND RECOMMENDATION - 1

§ 2255 action renders his conviction non-final for purposes of removal proceedings should be raised, if at all, in the immigration courts or in a petition for review to the appropriate court of appeals. *See* 8 U.S.C. § 1252(b)(9) (judicial review "of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove [a noncitizen] from the United States" lies in the courts of appeals, not the federal district courts).

Because it is clear that these deficiencies could not be remedied by an amendment to the petition, the Court recommends that the habeas petition and this action be DISMISSED without prejudice for lack of jurisdiction. A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **September 26, 2019**. The Clerk should note the matter for **September 27, 2019**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed five pages. The failure to timely object may affect the right to appeal.

DATED this 5th day of September, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 2