The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DILANG N DAT,<br>Petitioner,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br>Respondents. | NO. 2:19-cv-1181-BJR<br><br>ORDER RE: REPORT AND RECOMMENDATION |

## I.  INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Brian A. Tsuchida. The R&R reflects a pre-service screening of the habeas petition of prisoner Dilang Dat, ("Petitioner"), and recommends dismissal without prejudice. *See* 28 U.S.C. §1915A (mandating early screening and dismissal of a prisoner complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted"). Having reviewed the R&R, Petitioner's objections thereto, and the remainder of the record, the Court finds and rules as follows.

## II.  BACKGROUND

The following facts, alleged by Petitioner, are taken as true for purposes of this order. Petitioner Dat is a legal permanent resident of the U.S., having been admitted in

ORDER RE: REPORT AND
RECOMMENDATION
- 1

September 1995 as a minor child, born in a Kenyan refugee camp, to parents who had fled Sudan. Mem. in Supp. of Pet., Dkt. No. 3-2, at 1 ("Mem."). In the summer of 2016, in the U.S. District Court for the District of Nebraska, Petitioner pleaded guilty to felony robbery and was sentenced to 78 months imprisonment to be followed by three years of supervised release. Ex. To Pet., Dkt. Not. 3-1, p. 4 ("Ex."). Petitioner challenged his conviction in a 28 U.S. §2255 petition filed in the District of Nebraska, claiming, among other things, ineffective assistance of counsel. The district court summarily dismissed Dat's §2255 petition. An Eighth Circuit panel reversed the dismissal, finding a question of fact as to whether Petitioner had been adequately advised of the adverse effect of the guilty plea on his immigration status, and the petition was remanded to the district court. *See Dat v. United States*, 920 F.3d 1192 (8th Cir. 2019). The district court conducted the prescribed evidentiary hearing, and on October 24, 2019, the Hon. Laurie Smith Camp made the required credibility determinations and dismissed the petition a second time. *See United States v. Dat*, No. 8:14CR409, 2019 WL 5538074 (D. Neb. Oct. 24, 2019). That second dismissal is currently on appeal.

In the meantime, based on his felony conviction in Nebraska, Petitioner became the subject of an "Immigration Detainer—Notice of Action," dated July 20, 2018, (the "Detainer"). *See* Ex., p. 14. The Detainer notes that the Department of Homeland Security has probable cause to believe that Petitioner is a removable alien, and directs authorities at Leavenworth USP to notify ICE before releasing Petitioner from custody. In January 2019, Petitioner was transferred from custody in Leavenworth, Kansas to FDC Seatac. Ex., p. 4. In early 2019, Petitioner made a request to FBOP for an award of Good Conduct Time and early release to a halfway house, which request, he claims, was denied as a result of the

ORDER RE: REPORT AND
RECOMMENDATION
- 2

Detainer.[1] Ex., p. 4. Petitioner's request to ICE for cancelation of the Detainer was also denied. *Id*.

While in custody at FDC Seatac, Petitioner filed the instant 28 U.S.C. § 2241 petition in this Court on or about August 27, 2019, claiming violations of his Fifth Amendment Due Process rights, among others. Dkt No. 3 (the "Petition"). The Petition challenges the validity of the Detainer, arguing it is improperly predicated on a "conviction that has not become final for purposes of removal" because Petitioner's appeal of the dismissal of his §2255 action is pending in the Eighth Circuit. Petitioner also complains that the Detainer is having an adverse impact on the conditions of his confinement, including denial of Earned Good Conduct Time, access to pre-release programs, and early release. Pet., ¶ 13. He argues that this impact violates his constitutional rights. Among other things, Petitioner asks this Court to order FBOP to award him the Earned Good Conduct Time, which he claims is being wrongfully withheld based on the Detainer; and to order ICE to cancel the Detainer until "final conviction, warrant issued by immigration judge, or final determination of removal or deportation." Pet., ¶ 15.

The R&R of Magistrate Judge Tsuchida, in a pre-service screening, recommends dismissal of Dat's Petition. It states that this Court lacks jurisdiction to hear a challenge to the Detainer. R&R at 1, citing *Martinez v. Mukasey*, 263 Fed. Appx. 648, 649 (9th Cir.

---

[1] At this pre-service stage, this critical question is an issue of material fact. Petitioner claims that he has "been advised by Unit Team Members that I am no longer eligible for RRC/Home Confinement and early release to halfway house after awarded [Good Credit Time] due to ICE detainer and Deportation." Ex., p. 17. In response to his request for early release, however, FBOP authorities responded "You are not being illegally detained by the Federal Bureau of Prisoners (FBOP). You are serving your sentence, per the Judgment" in Petitioner's felony robbery case in Nebraska. *Id*., p. 15. At this stage of proceedings, the Court must take Petitioner's allegations as true.

ORDER RE: REPORT AND
RECOMMENDATION
- 3

2008), *Campos v. INS*, 62 F.3d 311, 314 (9th Cir. 1995) ("the bare detainer letter alone does not sufficiently place [a non-citizen] in INS custody to make habeas corpus available")). The R&R also states that Petitioner's challenge to the Detainer should be raised, if at all, in the immigration courts or a petition for review in the appropriate court of appeals. *Id*. at 2, citing 8 U.S.C. § 1252(b)(9). Concluding that these deficiencies could not be remedied by amendment, the R&R recommends dismissal of the Petition without prejudice. Petitioner filed a timely objection to the R&R. Dkt. No. 6.

## III. DISCUSSION

*A. Standards of Review*

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). When a party files objections to an R&R, the district court must review the magistrate judge's findings *de novo*. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. *Raddatz*, 447 U.S. at 673-74; *see also* 28 U.S.C. § 636(b)(1).

To survive scrutiny under 28 U.S.C. § 1915A, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*.

A "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted); s*ee also Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir.2011) (courts "may only dismiss a *pro se* complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

*B. Dat's Petition May State Claim on Which Relief May Be Granted*

Having reviewed the record at this preliminary stage, the Court cannot say with certainty that it lacks jurisdiction over Petitioner's claims. From what the Court can discern from the pleadings, Petitioner is not merely asking for cancelation of the Detainer, and he does not claim a "bare detainer alone" is tantamount to "custody" for purposes of a habeas petition (claims over which the Court may well not have jurisdiction); instead, he is challenging actions FBOP has taken, allegedly, in reliance on that Detainer. *See* Objections at 2. ("Petitioner sustains that his claims only challenges [*sic*] the impacts caused based on [detainer notice] as it effects [*sic*] the manner his sentence and release is being carried

out."). These actions, Petitioner claims, have had an impact on the conditions of his confinement, and were carried out in violation of his constitutional rights. In other words, Petitioner is not challenging the "bare detainer letter alone," but the actions affecting his confinement that he claims were improperly taken in reliance on that letter. If proven (a determination which the Court does not make today), such claims might well amount to the appropriate subject of a petition under 28 U.S.C. § 2241.

To clarify, the Court makes no ruling beyond declining to adopt the recommendation of pre-service dismissal. It determines merely that evaluation of Petitioner's claims would benefit from additional development of the record, and that the case should therefore proceed beyond this initial stage.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby declines to adopt the R&R and remands the Petition to the Magistrate Judge for further proceedings.

DATED this 3rd day of January, 2020.

Barbara Jacobs Rothstein
U.S. District Court Judge