UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DILANG N DAT,

                Petitioner,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

                Respondents.

CASE NO. C19-1181-BJR-BAT

**REPORT AND RECOMMENDATION**

Dilang Dat, who is proceeding *pro se*, filed this 28 U.S.C. § 2241 habeas petition while incarcerated at the Federal Detention Center in SeaTac, Washington. The undersigned screened the petition prior to service and recommended dismissal for lack of jurisdiction. Dkt. 4. While the Report and Recommendation was pending, Mr. Dat was transferred to the Douglas County Department of Corrections in Omaha, Nebraska. Dkt. 5. Mr. Dat objected to the Report and Recommendation and filed a motion to appoint counsel. Dkts. 6, 7. On January 3, 2020, the Honorable Barbara J. Rothstein declined to adopt the Report and Recommendation, finding that the Court may have jurisdiction over Mr. Dat's challenge to the conditions of his confinement. Dkt. 8. Judge Rothstein re-referred the matter to the undersigned for further proceedings. *See id.*

REPORT AND RECOMMENDATION - 1

A habeas petition filed pursuant to § 2241 must be heard in the judicial district where the petitioner is detained. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 1999) (per curiam) ("a habeas petition filed pursuant to § 2241 must be heard in the custodial court"). That judicial district is now the District of Nebraska, which is also the district where Mr. Dat was convicted and sentenced. Accordingly, the Court recommends that, in the interests of justice, this action be TRANSFERRED to the District of Nebraska. *See Verissimo v. INS*, 204 F. Supp. 2d 818 (D.N.J. 2002) (transferring § 2241 habeas petition after petitioner was transferred out of the district).

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **January 30, 2020**. The Clerk should note the matter for **January 31, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 8th day of January, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge